UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFF BENOIT,
individually and on
behalf of all others
similarly situated,

    Plaintiff,

v.                        CASE NO. :

ISTOGROUP INC,

    Defendant.
_____/

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Jeff Benoit ("Plaintiff"), on behalf of himself and all others similarly situated, by and through undersigned counsel, files this Class Action Complaint against Defendant, ISTOGroup Inc ("Defendant" or "ISTOGroup"), and in support of thereof states as follows:

**NATURE OF THE LAWSUIT**

1. This is a class action complaint for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and for violations of the Florida Constitution, Article X, Section 24, the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110, and for conversion.

2. This Complaint is filed both as a collective action under 29 U.S.C. § 216(b) and as a class action under the Federal Rule of Civil Procedure 23. The instant action is brought by and on behalf of persons who are or have been

employed as Drivers in the State of Florida, purportedly as independent contractors though in reality treated as employees, during the relevant statutory period by Defendant.

3. This Complaint challenges ISTOGroup's uniform policy of willfully misclassifying its Florida Drivers as independent contractors, when they are, under the economic reality test, employees of Defendant.

4. Plaintiff brings this collective action to recover the unpaid wages owed to him and all other similarly situated employees, current and former, of Defendant who worked in Florida, at any time during the three year period before this Complaint was filed up to the present ("FLSA Class Members"). These Class Members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

5. Plaintiff complains on behalf of himself, and a class of other similarly situated current and former employees of the Defendant, pursuant to Fed.R.Civ.P.23, alleging the Florida Drivers are entitled to back wages from Defendant for hours/weeks of work for which they did not receive at least the Florida minimum wage, in violation of Article X, Section 24 of the Florida Constitution ("FMWA Class Members").

## **JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq. Exercise of supplemental jurisdiction over Plaintiff's state law claims are appropriate under 28 U.S.C. § 1367(c).

7. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

8. This Court has jurisdiction over the Florida Minimum Wage Claims pursuant to 28 U.S.C. §1367, because the acts and omissions that give rise to Plaintiff' FLSA claims are the same acts and omissions that give rise to Plaintiff's Florida Minimum Wage Claims.

9. At all times material hereto, Defendant was subject to personal jurisdiction in the State of Florida under the Florida Long Arm Jurisdiction Act, Fla. Stat. § 48.193. Defendant is subject to personal jurisdiction in Florida, because it caused injury in the State of Florida through its acts and omissions outside of the State of Florida.

10. Furthermore, this Court's exercise of personal jurisdiction over Defendant is constitutionally sound. Through its operations in Hillsborough County, Defendant has established sufficient minimum contacts with the State of Florida to make it reasonably foreseeable that Defendant could be sued in Florida. Defendant will suffer no unfair prejudice from the exercise of this Court's personal jurisdiction, which serves the interests of justice in this case.

11. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

12. Plaintiff has satisfied all conditions precedent, or they have been waived.

13. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

14. Plaintiff requests a jury trial for all issues so triable.

## PARTIES

15. Defendant operates a freight transportation company operating in Tampa, Florida, in Hillsborough County.

16. Defendant is a foreign corporation with headquarters in Indianapolis, Indiana.

17. Defendant hired Plaintiff to work as a Driver in Tampa, Florida.

18. The Class Members of the two classes Plaintiff seeks to represent are all of Defendant's current and former drivers ("Florida Drivers") who worked for Defendant in Florida at any time during the applicable limitations period prior to the filing of this Complaint up to the present.

## MISCLASSIFICATION AS INDEPENDENT CONTRACTORS

19. Defendant purportedly contracts with independent contractors in Florida to act as its Drivers in order to transport freight for its partners including Amazon, Penske, UPS, Fed Ex, and Ryder.

20. However, Defendant exercises employee-level of control over its Drivers' actions and responsibilities, all the while improperly classifying them as independent contractors in order to divert its own costs of doing business on to them.

21. Defendant's independent contractor agreement requires the Driver to exclusively perform transportation services for Defendant.

22. Defendant's independent contractor agreement requires Drivers to deduct from their pay, a sum for 'escrow' that Defendant does not return to Plaintiff.

23. Defendant requires the Drivers to place its own signs and placards on all the leased vehicles and to wear Defendant's uniforms.

24. Defendant requires the Drivers to accept the routes it provides to them, including the order in which the deliveries are to be made and the timeframes for the deliveries.

25. The Drivers do not have control over the order of the deliveries, the timeframes for the deliveries, or the number of deliveries to make each day.

26. The Drivers do not negotiate with the shipping partner, as to the rate charged for the delivery, as it is dictated by Defendant.

27. Defendant effectively prohibits its Drivers from accepting any work from any other entity and thus controls their profit and loss by requiring exclusivity in its contracts.

## **FLSA COVERAGE**

28. In an FLSA case, the following elements must be met. "(1) [Plaintiff] is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay [Plaintiff] minimum or overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) *cert. denied,* 134 S. Ct. 62, (U.S. 2013).

29. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Section 6 and 7 of the FLSA, and was thus subject to the individual coverage of the FLSA.

30. As part of his regular job duties for Defendant, Plaintiff routinely and regularly used and/or handled items moving in the stream of commerce. For example, Plaintiff transported freight for Defendant within the state of Florida.

31. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

32. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA.

33. Defendant continues to be an "employer" within the meaning of the FLSA.

34. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "providing services for commerce" within the meaning of the FLSA.

35. At all times material hereto, the annual gross sales volume of Defendant exceeded $500,000 per year. Thus, Defendant was an enterprise covered by the FLSA under 29 U.S.C. §§ 203(r) and 203(s).

36. At all times material hereto, the work performed by Plaintiff was integral and essential to the business performed by Defendant.

## FACTS SPECIFIC TO PLAINTIFF

37. Plaintiff worked for Defendant from March 1, 2021 to March 31, 2021 as a Driver.

38. Plaintiff's job-duties were to transport freight in the State of Florida.

39. Defendant exercised employee-level of control over Plaintiff's procedures, actions and responsibilities, all the while improperly classifying him as an independent contractor.

40. Defendant required Plaintiff to place its own signs and placards on all the vehicles.

41. Defendant effectively prohibited Plaintiff from accepting any work from any other entity and thus controlled Plaintiff's profit and loss by requiring exclusivity of Plaintiff's services for all of Defendant's demands.

42. Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA.

43. At all times material hereto, Plaintiff worked hours at the direction of Defendant, and Plaintiff was not paid at least the applicable FLSA minimum wage for all of the hours that he worked.

44. At all times material hereto, Plaintiff worked hours at the direction of Defendant, and Plaintiff was not paid at least the applicable State of Florida minimum wage for all of the hours that he worked, in accordance with the Florida State Constitution and the FMWA.

45. By paying Plaintiff a small percentage of the freight delivered and, additionally, deducting from Plaintiff's pay for improper reasons, Defendant failed to pay Plaintiff a minimum wage.

46. Defendant deducted from Plaintiff's pay sums it categorized as "escrow" but never returned to Plaintiff.

47. Defendant failed to track the Plaintiff's hours of work and Plaintiff regularly worked fifty to sixty hours per week.

48. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

### 216(b) COLLECTIVE ACTION ALLEGATIONS

49. Plaintiff asserts his claim under the FLSA, pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all other similarly situated employees currently and formerly employed by Defendant.

50. Pending any modifications necessitated by discovery, the named Plaintiff preliminarily defines the class as follows:

**FLSA 216(b) Class:**

**All current and former Drivers of Defendant in the State of Florida, whether or not categorized as employees, trainees,**

**or independent contractors, who were not compensated at least the statutory minimum wage in each week worked.**

51. All potential 216(b) Class members are similarly situated because, among other things, they are or were all *de facto* employees of Defendant and, upon information and belief, all suffered from the same policies of Defendant, including:

a. Being paid a small percentage of the freight delivered without regard to the number of hours worked;

b. Being improperly classified as "independent contractors"

c. Failure to be paid at least statutory minimum wage for each hour of work as mandated by the FLSA.

## CLASS ACTION ALLEGATIONS

52. Plaintiff also sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

53. Plaintiff brings his Florida Minimum Wage Claim on behalf of all persons who were employed by Defendant at any time since March 1, 2016, to the entry of judgment in this case (the "Class Period"), who were "Drivers" and who have not been paid at least the applicable Florida Minimum Wage for hours/weeks worked, as required, in violation of Article X, Section 24 of the Florida Constitution (the "Class Members").

54. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is

unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are likely between 15 and 50 members of the Class during the Class Period.

55. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

56. The Defendant acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

57. Specifically, Defendant failed to pay its Delivery Drivers the Florida minimum wage as mandated by Article X, Section 24 of the Florida Constitution.

58. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of minimum wages to Plaintiffs applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

> **Florida Minimum Wage Class:**
>
> **All of Defendant's current and former Drivers who worked in the State of Florida at any time during the five (5) years before this Complaint was filed, up to the present, not paid Florida's minimum wage for all hours worked.**

59. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

60. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

61. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

　　a. whether the Defendant employed the members of the Class within the meaning of Article X, Section 24 of the Florida Constitution;

　　b. whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

　　c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

　　d. whether Defendant failed and/or refused to pay the members of the Class at least the Florida Minimum Wage in one of more workweeks;

　　e. whether the Defendant is liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees; and, finally,

    f. whether the Defendant should be enjoined from such violations of Article X, Section 24 of the Florida Constitution in the future.

### COUNT I – FLSA MINIMUM WAGE VIOLATION

62. Plaintiff realleges and readopts the allegations of paragraphs 1-62 of this Complaint, as though fully set forth herein.

63. During the statutory period, Plaintiff and Class Members worked for Defendant, and they were not paid the applicable statutory minimum wage for the hours that they worked, as mandated by the FLSA.

64. By way of example and not limitation, Plaintiff was allegedly to be paid 30% of the freight load, but was instead paid only at the rate of 25% per load and was subject to the Defendant's deductions for "escrow" that resulted in less than minimum wage.

65. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

66. As a result of the foregoing, Plaintiff and the Class Members have suffered damages.

### COUNT II – FLORIDA MINIMUM WAGE ACT VIOLATION

67. Plaintiff realleges and readopts the allegations of Paragraphs 1-62 of this Complaint, as though fully set forth herein.

68. Plaintiff has exhausted all of his and the Class Members administrative and pre-suit requirements under Fla. Stat. § 448.110. Specifically,

Plaintiff has notified Defendant of the deficiency in their wages in writing. In this written notice, Plaintiff identified the applicable State minimum wage at issue, provided actual dates and hours or accurate estimates of all of the periods of employment for which minimum wage payment is sought, and listed the total amount of his alleged unpaid wages through the date of the notice.

69. During the statutory period, Defendant did not pay Plaintiff and the Class Members the applicable Florida statutory minimum wage, as Defendant was required to do under Section 24, Article X of the Florida Constitution and the FMWA.

70. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, for Counts I and II, Plaintiff demands:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

    c. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

    d. All unpaid wages at the FLSA mandated minimum wage rate;

    e. All unpaid wage at the Florida mandated minimum wage rate;

    f. An equal amount of all owed wages and misappropriated funds as liquidated damages as allowed under the FLSA;

    g. An equal amount of all owed wages as liquidated damages as allowed under Article X, Section 24 of the Florida Constitution;

    h. Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

    i. Such other relief to which Plaintiffs and Class Members may be entitled, at law or in equity.

## COUNT III: CONVERSION

**(As to Named Plaintiff Benoit Only)**

71. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1-62of this Complaint.

72. Defendant charges Plaintiff for multiple fees for which no explanation of the fees is given. Defendant has withheld at least $1,000.00 from Plaintiff as part of an alleged "escrow".

73. Defendant further agreed to pay Plaintiff at the rate of 30% of the freight but, instead, only paid Plaintiff at the rate of 25% of the freight.

14

74. Thus Defendant has wrongfully appropriated monies owed to Plaintiff and its intentional failure to return the monies constitutes conversion under Florida common law.

75. As a result of Defendant's conversion, Plaintiff was deprived of the possession, use, and enjoyment of his property, in the form of the bond monies and improper deductions from Plaintiff's pay.

**WHEREFORE** as to Count III, Plaintiff demands, with respect to his conversion claim, the following:

   a. A jury trial on all issues so triable;

   b. That process issue, and that this Court take jurisdiction over the case;

   c. Actual damages suffered by Plaintiff Benoit as a result of Defendant's conversion;

   d. All costs and attorney's fees incurred in prosecuting these claims; and

   e. For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 8th day of June, 2022.

                        Respectfully submitted,

                        */s/ Brandon J. Hill*

                        **BRANDON J. HILL**
                        Florida Bar Number: 0037061
                        Direct Dial: 813-337-7992
                        **AMANDA E. HEYSTEK**
                        Florida Bar Number: 0285020
                        Direct Dial: 813-379-2560
                        **WENZEL FENTON CABASSA, P.A.**
                        1110 N. Florida Avenue, Suite 300
                        Tampa, Florida 33602
                        Main Number: 813-224-0431
                        Facsimile: 813-229-8712
                        Email: bhill@wfclaw.com
                        Email: aheystek@wfclaw.com
                        Email: aketelsen@wfclaw.com
                        **Attorneys for Plaintiff**